**Electronically Filed
Supreme Court
SCAP-24-0000393
30-DEC-2025
08:52 AM
Dkt. 39 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

CHRISTOPHER PIEZKO, AS TRUSTEE UNDER THE CP TRUST,
DATED FEBRUARY 28, 1992; and JANEL LEE PIEZKO,
AS TRUSTEE UNDER THE JP TRUST DATED FEBRUARY 28, 1992,
Class-Plaintiffs-Appellants,

vs.

COUNTY OF MAUI,
Defendant-Appellee.

SCAP-24-0000393

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CAAP-24-0000393; CASE NO. 2CCV-23-0000325)

DECEMBER 30, 2025

McKENNA, ACTING C.J., EDDINS, GINOZA, AND DEVENS, JJ., AND
CIRCUIT JUDGE KAWASHIMA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY EDDINS, J.

Class representative plaintiffs Christopher Piezko and

Janel Lee Piezko (Piezkos) own real property in Kīhei, Maui.

They use the property as a "vacation home for personal use."

In 2021 the County of Maui (County) reclassified the Piezkos' property as a "short-term rental" based on zoning rather than actual use.  The Piezkos paid the resulting higher real property taxes.  But they did not appeal their tax assessments through the administrative process established by the County, that is to the Maui County Board of Review (BOR).

Instead, the Piezkos filed a class action suit in the Circuit Court of the Second Circuit.  As the class plaintiffs' representatives, the Piezkos sought a refund of the additional taxes they paid.  Plaintiffs alleged that the County unjustly enriched itself by retaining unconstitutionally-collected taxes and violated their due process rights.

The County moved to dismiss the complaint for lack of subject matter jurisdiction.  The County argued that Plaintiffs should have "avail[ed] themselves" of Maui County's administrative appeals process by first appealing to the BOR, and then, if necessary, to the Tax Appeal Court (TAC).

We hold that the circuit court correctly dismissed the case for lack of jurisdiction.  Under Hawai'i Revised Statutes (HRS) chapter 232 and Maui County Code (MCC) chapter 3.48, the TAC has exclusive jurisdiction over real property tax assessment appeals, including those raising constitutional challenges. Because Plaintiffs failed to follow the proper appeals

procedure, and their potential appeal is now time-barred, we affirm the circuit court dismissal.

## I.

On December 4, 2020, the Maui County Council passed Ordinance 5160.  See Maui, Hawai'i, Ordinance No. 5160 (Dec. 5, 2020).  The next day, the mayor signed the ordinance into law. Ordinance 5160 amended MCC § 3.48.305.C.2 by expanding the "short-term rental" condominium classification to include vacant units and those "occupied by transient tenants for periods of less than six consecutive months."  Those units would be classified as short-term rentals if they were located in an area permitting transient vacation rentals.  Critically, the new law included "units occupied by the owner for personal use" — vacation homes like the Piezkos'.

The County Director of Finance projected that Ordinance 5160 would result in the reclassification of 1,428 properties and increase tax revenue by $9,127,582.  See Letter from Michael P. Victorino, Maui Mayor, to Keani Rawlins-Fernandez, Economic Development and Budget Committee Chair, Maui County Council (Nov. 2, 2020), https://mauicounty.legistar.com/View.ashx?M=F&ID=8891167&GUID=A2 E983BD-3CC5-4180-91F5-1F442E715EB2 [https://perma.cc/GX69-MV48]. The new law was only applicable for one tax year.  See Maui, Hawai'i, Ordinance No. 5159 (Jan. 1, 2022).  Effective January 1,

2022, Ordinance 5159 repealed the short-term rental classification. See id. Consequently, Ordinance 5160 applied only to the 2021 tax assessment year (July 1, 2021 through June 30, 2022).

The Piezkos paid their 2021 real property tax bills at the higher short-term rental rates. However, they did not appeal their tax assessments to the BOR or TAC within the time periods prescribed by law.

On October 18, 2023, the Piezkos filed a class action complaint in circuit court against the County of Maui seeking damages for the 2021 real property taxes collected under Ordinance 5160. (Because the Piezkos are class representatives, this opinion uses "Piezkos" and "Plaintiffs" interchangeably.) Relying on the outcome of an unrelated tax appeal (filed by a property's trust, which, like the Piezkos, was taxed under the ordinance), Plaintiffs claimed that Ordinance 5160 was unconstitutional. Plaintiffs though did not directly challenge the constitutionality of the ordinance.

Instead, Plaintiffs maintained that the constitutional issue had already been decided in the other tax appeal. Plaintiffs' complaint alleged that the County failed to provide adequate pre-deprivation and post-deprivation remedies in violation of their due process rights, and that the County wrongfully collected and retained real property taxes, which

constituted unjust enrichment. They sought compensatory damages, prejudgment interest, and attorney fees.

The County moved to dismiss on jurisdictional grounds. The County argued that the circuit court lacked jurisdiction because (1) HRS § 632-1 precluded the circuit court's jurisdiction, and (2) the case belonged in the TAC per HRS chapter 232 and MCC chapter 3.48. The circuit court granted the County's motion and dismissed Plaintiffs' case with prejudice.

Plaintiffs appealed to the Intermediate Court of Appeals. The County applied for transfer to this court. We accepted transfer.

## II.

Plaintiffs present two questions: (1) whether the circuit court erred in ruling that it lacked jurisdiction, and (2) whether, under the issue preclusion doctrine, the TAC's prior decision in the unrelated tax appeal binds Maui County.

## A.    HRS § 632-1 does not apply because Plaintiffs did not seek declaratory relief

We start with jurisdiction.

Both parties invoke HRS § 632-1 (2016). That statute governs declaratory judgments. It reads:

> In cases of actual controversy, courts of record, within the scope of their respective jurisdictions, shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for; provided that

> declaratory relief may not be obtained in any district court, or in any controversy with respect to taxes, or in any case where a divorce or annulment of marriage is sought.

HRS § 632-1(a) (emphases added).

HRS § 632-1 expressly prohibits declaratory relief in tax controversies. Per the statute, plaintiffs may not obtain declaratory relief "in any controversy with respect to taxes." Id.

Plaintiffs maintain that HRS § 632-1 doesn't bar circuit court jurisdiction because they didn't seek declaratory relief. Plaintiffs rely on Tax Foundation of Hawai'i v. State, 144 Hawai'i 175, 439 P.3d 127 (2019). There, this court held that declaratory relief may be obtained in tax matters under HRS § 632-1 when such relief does not interfere with tax assessment or collection. Id. at 188, 439 P.3d at 140. Because their complaint does not seek preemptive declaratory relief against tax assessment or collection, Plaintiffs claim that HRS § 632-1 does not bar jurisdiction. And even if they had sought declaratory relief, the circuit court would still have jurisdiction, they insist, because the relief they seek now does not interfere with the assessment or collection of taxes.

The County counters that this case involves a tax controversy that blocks the circuit court's jurisdiction under HRS § 632-1. The County points to Ocean Resort Villas Vacation Owners Ass'n v. Cnty. of Maui, 147 Hawai'i 544, 465 P.3d 991

6

(2020). The Ocean Resort plaintiffs sought declaratory relief to void Maui's real property timeshare tax. Id. at 556, 465 P.3d at 1003. Because that action would "interfere with the assessment or collection of taxes," this court determined there was a tax controversy. Id. And because the case involved both a tax controversy and a declaratory judgment action, we held that HRS § 632-1 divested the circuit court of jurisdiction, leaving the TAC with exclusive jurisdiction. Id. Per HRS § 632-1, declaratory judgment action plus tax controversy equals no circuit court jurisdiction.

Significantly, both Ocean Resort and Tax Foundation involved declaratory judgment actions. See Ocean Resort, 147 Hawai'i 544, 465 P.3d 991; Tax Foundation, 144 Hawai'i 175, 439 P.3d 127. So did another similar case, Hawaii Insurers Council v. Lingle, 120 Hawai'i 51, 201 P.3d 564 (2008). Assessing jurisdiction under HRS § 632-1 made sense in those cases because the plaintiffs expressly sought declaratory relief.

But here, Plaintiffs did not file a declaratory judgment action. And Plaintiffs consistently stress that they do not seek declaratory relief. Without a request for declaratory judgment, Plaintiffs believe, HRS § 632-1 is not dispositive of the jurisdictional question.

The County protests that Plaintiffs' choice not to seek a declaratory judgment is just strategy – a stab to avoid the

7

proper appeals process. The County suggests that Plaintiffs' claims inherently require declaratory relief, even though they did not request it.

We acknowledge that under Hawai'i Rules of Civil Procedure Rule 54(c), every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party pleadings. See 10 Mary Kay Kane & Adam N. Steinman, Fed. Prac. & Proc. Civ. § 2664 (4th ed. Sep. 2025 update); 10B Mary Kay Kane & Adam N. Steinman, Fed. Prac. & Proc. Civ. § 2768 (4th ed. Sep. 2025 update); Chambrella v. Rutledge, 69 Haw. 271, 285, 740 P.2d 1008, 1016 (1987). However, this rule says nothing about whether a court should grant relief that plaintiffs explicitly disavow. In any event, this question does not ultimately affect our jurisdictional analysis. If a court has jurisdiction, it may grant equitable relief, including declaratory judgments. See Ching v. Case, 145 Hawai'i 148, 165, 449 P.3d 1146, 1163 (2019). But the court must first have jurisdiction.

We decline to construe Plaintiffs' suit as a declaratory judgment action. Because Plaintiffs do not seek declaratory relief, HRS § 632-1 does not apply.

**B.    The TAC has jurisdiction over real property tax assessment appeals and related constitutional challenges**

We hold that the TAC has exclusive jurisdiction over this real property tax assessment appeal.  The circuit court correctly ruled that it lacked subject matter jurisdiction.

"[A]s a general matter, subject matter jurisdiction rests in the tax appeal court to hear taxpayer 'appeals' from assessments [under HRS chapter 232]; challenges to taxes paid under protest [under HRS § 40-35]; and adverse rulings by the [Director]."  Grace Bus. Dev. Corp. v. Kamikawa, 92 Hawai'i 608, 612, 994 P.2d 540, 544 (2000) (citations omitted).  HRS § 232-11 (2017) provides that the TAC "shall . . . have jurisdiction throughout the State with respect to matters within its jurisdiction."  Matters within the TAC's jurisdiction include appeals of real property tax assessments on grounds of (1) certain over-valuations of property, (2) lack of uniformity or inequality, (3) denial of exemptions a taxpayer is entitled to or qualified for, and (4) illegality, including unconstitutionality.  HRS § 232-3 (2017).

To effectuate this appeals process, taxpayers "may appeal directly to the tax appeal court," but only if the taxpayers "first obtain a decision from an administrative body established by county ordinance[] . . . if [the] county ordinance requires a taxpayer to do so."  See HRS § 232-16 (2017 & Supp. 2021).  The

MCC requires this intermediate step: "In the case of a <u>real property</u> tax appeal, a taxpayer shall first appeal to the County board of review, pursuant to section 232-16, Hawai'i Revised Statutes."  MCC § 3.48.595 (emphasis added).  Thus, both the MCC and HRS § 232-16 require taxpayers to appeal to the County BOR first.  Later, if the taxpayer disagrees with the BOR's decision, they may appeal to the TAC.  HRS § 232-17 (Supp. 2021).

Similar to appeals to the TAC, real property taxes may be appealed to the BOR for (1) certain over-valuations of property, (2) lack of uniformity or inequality, (3) denial of exemptions or certain tax credits a taxpayer is entitled to or qualified for, and (4) illegality, including unconstitutionality.  See MCC § 3.48.605.  The BOR may decide all questions of fact and law, except those involving the Constitution or laws of the United States.  MCC § 3.48.625.  The taxpayer must raise any constitutional objections in their appeal to the BOR to preserve them for argument on any subsequent appeal to the TAC.  MCC § 3.48.655; HRS § 232-15 (Supp. 2021) ("If any objection involving the Constitution or laws of the United States is included by the taxpayer in the notice of appeal, the objection may be heard and determined by the tax appeal court on appeal from a decision of the taxation board of review[.]").

The TAC's jurisdiction is "limited to the amount of valuation or taxes[.]"  HRS § 232-13 (Supp. 2021).  Still, the TAC "shall have the power and authority . . . to decide all questions of fact and all questions of law, including constitutional questions, involved [in the appeal]."  HRS § 232-11.

The circuit court is "without authority to exercise general jurisdiction . . . where doing so [is] precluded by HRS chapter 232 and MCC chapter 3.48."  Ocean Resort, 147 Hawai'i at 559, 465 P.3d at 1006.

Ocean Resort specifically addressed challenges to real property tax assessments premised on illegality and unconstitutionality.  Because "HRS chapter 232 and MCC chapter 3.48 provided the process by which Taxpayers could bring their challenges to the legality and constitutionality of the real property . . . tax classification and rates," the circuit court lacked subject matter jurisdiction over challenges to real property tax assessments brought on these grounds.  Id.

Here, HRS chapter 232 and MCC chapter 3.48 both preclude the circuit court's exercise of jurisdiction over Plaintiffs' claims.

Plaintiffs try to dodge the exclusive jurisdiction of the TAC by arguing that they do not plead illegality or unconstitutionality of the underlying tax ordinance, and do not

11

seek a declaratory action subject to HRS § 632-1.  Yet in their own words, Plaintiffs seek a "refund or adjustment" of real estate property taxes they paid due to the "unconstitutional Ordinance 5160."  This is, definitionally, an appeal of a real property tax assessment premised on grounds that the underlying ordinance is unconstitutional, and therefore illegal.  See HRS § 232-3.  Such appeals fall within the TAC's jurisdiction.

Thus, we hold that the TAC has exclusive jurisdiction over Plaintiffs' claims.  To hold otherwise would elevate form over substance, a disfavored approach.  See Rodriguez v. Mauna Kea Resort LLC, 156 Hawai'i 289, 295, 574 P.3d 309, 315 (2025).  Plaintiffs aspire to reframe a straightforward tax assessment appeal as a general civil action by styling their claims as challenging due process violations and unjust enrichment rather than as a direct challenge to the tax assessment.  However, the substance of their claims — contesting and seeking remedies for the collection of higher taxes paid under an allegedly unconstitutional ordinance — places them squarely within the TAC's jurisdiction.

As Ocean Resort instructs, Plaintiffs should have followed the tax appeal procedures clearly described in HRS chapter 232 and MCC chapter 3.48.  147 Hawai'i at 555, 465 P.3d at 1002.  This process "require[s] an appeal of assessments to the County

12

BOR and TAC, even for questions involving the constitutionality or illegality of an assessment."  Id.

We hold that the TAC has exclusive jurisdiction under HRS chapter 232 and MCC chapter 3.48.

## C.   Plaintiffs' claims are time-barred

Even if Plaintiffs had filed their appeal in the proper place, their claims are untimely.  The tax appeal procedures under HRS chapter 232 and MCC chapter 3.48 control.  "HRS chapter 232 . . . reinforces the primacy of the tax appeal procedures set forth in [c]ounty codes like MCC chapter 3.48, titled 'Real Property Tax.'"  Ocean Resort, 147 Hawai'i at 557, 465 P.3d at 1004.

Per MCC § 3.48.595, "[a]ppeals to the County board of review shall be filed on or before April 9 preceding the tax year."  Here, Ordinance 5160 only applied to the 2021 real property tax assessment year (July 1, 2021 - June 30, 2022).  Thus, Plaintiffs' real property tax assessment appeals deadline was April 9, 2021.  See MCC § 3.48.595.

The County issued the real property tax assessment for the Piezkos' property in January 2021.  Plaintiffs sued in circuit court in October 2023 – more than two and a half years after the deadline.  So even if they had appealed to the right place (the BOR), their appeal would have been late.

13

A remedy existed to give Plaintiffs the relief they wanted. But they failed to pursue it within the prescribed time. The appeal window has closed.

Plaintiffs suggest that the window for filing an appeal was unreasonably short. Their position lacks merit. Plaintiffs' briefing frequently cited to an unrelated TAC case, where a taxpayer trust successfully challenged Ordinance 5160 on constitutional grounds. Unlike Plaintiffs, that taxpayer complied with the statutory deadlines by timely filing with the BOR and subsequently appealing to the TAC, establishing that others subjected to the same timeframes navigated the procedural requirements.

Further, the Maui County Council passed Ordinance 5160 in December 2020. It even created a "frequently asked questions" web page explaining the implications of the new ordinance. See Maui County, Frequently Asked Questions: Real Property Tax – Short-Term Rental Classification, https://www.mauicounty.gov/FAQ.aspx?TID=140 [https://perma.cc/H2ST-KWG8]. Under these circumstances, Plaintiffs had adequate time to file an appeal with the BOR.

The taxpayer trust in the unrelated case received a refund because it followed the proper procedures for appeal. We decline to override the clearly delineated procedures established by Maui County for tax appeals. These procedures

have been tested and proven effective in other cases, including one premised on the same ordinance, with the same timeline for appeal, that Plaintiffs challenge here.

Because Plaintiffs failed to follow the established administrative procedures and their claims are now time-barred, we need not address their second question regarding issue preclusion.

We also hold that because Plaintiffs failed to follow the procedural process governing real property tax appeals, Plaintiffs' contention that they were deprived of pre- and post-deprivation relief in violation of their due process rights lacks merit. Appellants under our real property tax appeals procedures are entitled to refunds if the BOR or TAC lower over-assessments on appeal, on grounds including illegality or constitutionality. See HRS §§ 232-3, 232-11; MCC §§ 3.48.605, 3.48.625, 3.48.655. Given Plaintiffs' access to post-deprivation relief, Plaintiffs' argument that alleged unconstitutionality requires pre-deprivation and post-deprivation relief untethered to the existing framework for tax appeals lacks merit. See Matter of Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 5, 868 P.2d 419, 423 (1994) (evaluating due process remedies following valid appeal to the TAC).

15

**III.**

We hold that the TAC has exclusive jurisdiction over Plaintiffs' tax refund claims and related constitutional challenges, and therefore the circuit court correctly dismissed their case for lack of subject matter jurisdiction.

The judgment of the Circuit Court of the Second Circuit is affirmed.

| | |
|---|---|
| Nathaniel A. Higa and<br>P. Kyle Smith (on the briefs)<br>for appellants | /s/ Sabrina S. McKenna<br><br>/s/ Todd W. Eddins |
| Brian A. Bilberry<br>(on the briefs)<br>for appellee | /s/ Lisa M. Ginoza<br><br>/s/ Vladimir P. Devens |
| | /s/ James S. Kawashima |



16